MARTHA A. VERNON *v.* THOMAS VERNON et al.

To constitute a valid trust under the statute of uses and trusts (1 R. S., 728, § 55), it is not necessary that the purpose of the trust should be stated in the words of the statute. It is sufficient that a purpose within the statute is clearly embraced in the language used, or that a power conferred in express terms includes a power over the estate, for the execution of which the trustees may be clothed with a legal title.

The law prefers a construction of a will which will prevent a partial intestacy to one which will permit it.

The will of V., by its first clause, gave all his estate to his trustees and executors, to be disposed of as thereinafter directed; following this was a clause giving certain premises to his wife; also, power was given to his executors to sell said premises for not less than a sum specified, and to invest the proceeds for her benefit during life. *Held,* that the executors took no title to said premises; that as the interest of the wife was not limited to a use only, and as the power of sale was contingent, not absolute, no such implication arose, from the direction as to the investment of

| 53 | 351 |
| 124 | 376 |
|----|----|
| 53 | 351 |
| 127 | 437 |
| 127 | 537 |
| 53 | 351 |
| 132 | 127 |
| 53 | 351 |
| e172 | 6 29 |
| 172 | 6 31 |
| 172 | 6384 |

the proceeds in case of sale, as would cut down her interest to a life estate, and that she took a fee subject to the power of sale.

The testator also gave to his wife an annuity of $7,000, to be paid by the executors out of the testator's share in the rents of certain stores (of which he owned a moiety); if insufficient, then from the interest of other property. The executors were authorized to sell the stores at a minimum price stated. *Held*, that the power to receive the rents and profits was necessarily implied from the duty enjoined upon the executors to apply them ; that they took, as trustees, the legal title during the life of the wife for the purposes of the trust; and (there being no residuary clause in the will), that the lands descended to the testator's heirs upon his decease, subject to the trust estate. (1 R. S., 729, § 62.)

Aside from his real estate, the testator owned an interest in the assets of a firm of which he was a member. After describing the same, and giving several legacies, to be paid out of it, the testator directed that the balance might remain in the hands of his surviving partners for five years, on interest, and then desired it to be invested in good securities for the benefit of his children, and " to be distributed among them as follows :" then followed a bequest to each child of $10,000, to be paid on arriving at the age of twenty-four. No other disposition was made of such balance. *Held*, that the bequest should be construed as giving the testator's entire interest in the assets of the firm (after payment of the specific legacies) to his children, and as postponing the payment of $10,000 of each share until the beneficiary arrived at the age of twenty-four; that the trustees were entitled to retain the whole fund until the time for distribution, *i. e.*, until five years after the death of the testator, and thereafter a sum sufficient to enable them to perform the continuing trusts; that the provision that the fund might remain with the surviving partners for five years, was an authority for investment merely, the executors having power to withdraw it; and that upon a proper case made the court might direct the giving of security as a condition of thus continuing the investment.

The provisions made in the will for the wife of the testator were not declared to be in lieu o  dower. *Held*, that the authority given to the executors to sell the real estate, not devised to the wife, at a price fixed was inconsistent with a claim for dower; that the widow was put to her election, and an acceptance of the testamentary gift defeated her dower.

One of the testator's children died a minor and without issue before the death of the testator. *Held*, that the legacy to her lapsed, and that the widow was entitled to her distributive share in this and the other personal property not disposed of by the will, after payment of debts.

(Argued June 4, 1873 ; decided September 23, 1873.)

APPEAL by all parties from a judgment of the General Term of the Supreme Court in the second judicial depart-

part, modifying a judgment entered upon the report of a referee.

This action was brought to obtain a construction of the will of Samuel Vernon, late of Brooklyn, deceased.

The testator died September 23, 1870, leaving his widow and six infant children him surviving. The plaintiff is his widow, the defendants are the executors and the children. The following are the substantial provisions of the will:

"I give all my estate, real and personal property, to my trustees and executors hereinafter named, and their heirs, on condition, nevertheless, that they will dispose of it as hereafter instructed, by the payment of the various sums mentioned and general disposition of property as directed.

"I give and bequeath to my beloved wife the house in which I reside, together with the eight lots adjoining. This property might be sold by my executors, in connection with the adjoining house and lots belonging to my brother Thomas, for not less than seventy-five thousand dollars, and my executors have full power so to do, and invest the proceeds in good securities of not less than six per cent per annum, for her benefit during her natural life.

"I also give to my wife my interest in the stable-lot on Vanderbilt avenue, Brooklyn, opposite the rear of my garden.

"I also give to my wife seven thousand dollars per annum for her life, to be paid semi-annually by my executors out of my share of rents of 65 and 67 Duane street store, and 23 Beekman street, New York, or, should that be insufficient, from the interest of other property hereinafter mentioned, for the education and maintenance of self and children. My executors have full power to dispose of either of these stores, if necessary, for sums not less than hereinafter mentioned.

"The store in 23 Beekman street is jointly and equally owned by my brother Thomas and myself, and is worth seventy-five thousand dollars. * * * My brother Thomas is at liberty to take it for that sum or pay it over to my executors for that amount, less the mortgage of twenty thousand dollars.

" The store in Duane street cost, with elevators, fixings, &c., two hundred and seventy-five thousand dollars, and is jointly and equally owned by my brother Thomas and myself. My executors are hereby empowered to sell the property for not less than that, or to receive it in payment for that sum, in an equitable division of the capital employed in the business, as well as real estate above mentioned.

" The balance due me, employed in the business of Vernon Brothers & Co., July 1, 1868, was ——

" Out of the property above described, I make the following bequests : "

Then follow several specific legacies.

" I give to my brother, Miles Vernon, or his heirs, all my reversionary interest in Scotland House, Barnstable, England."

*          *          *          *          *

" The balance of my capital, due me at my decease by Vernon Brothers & Co., can remain in the hands of my surviving partners for five years, at interest at seven per cent, at the expiration of which period I desire it to be invested in good securities, bearing interest of not less than six per cent, for the benefit of my dear children, and to be distributed among them as follows :

" I give to Samuel Edward Vernon, my eldest son, on his attainment of twenty-four years old, ten thousand dollars.

" Frederick Richardson Vernon, on his attainment of twenty-four years of age, ten thousand dollars.

" Elizabeth Wills Vernon, ten thousand dollars on her twenty-fourth birthday ; should she marry with the approval of her mother and my executors, the amount may be paid at her marriage.

" I give to Marion Adelaide Vernon ten thousand dollars, to be paid in the same way as prescribed for her sister Elizabeth.

" I give to my son, Francis Joseph Vernon, ten thousand dollars, on his attainment of his twenty-four years of age.

" I give to my daughter, Frances Mary Vernon, ten thousand

dollars, and to Harriet Eveline Vernon ten thousand dollars, to be paid each of them as directed for their sisters."

Then follow other specific legacies.

"·This I declare to be my last will and testament, and name as my executors and trustees my brother, Thomas Vernon, and my brother-in-law, Edward Richardson, M. D., of Brooklyn, this first day of September, 1868."

Harriet Eveline Vernon, mentioned in the will, died prior to the death of the testator, aged about two years. The testator died seized of the real estate described in the will; besides his interest in the assets of the firm of Vernon Brothers & Co., his other personal property was of the value of about $4,000. The net annual rentals of the stores mentioned in the will was about $13,000.

Other facts appear in the opinion.

*Geo. G. Reynolds* for the plaintiff. The executors took no estate under the will in the real estate, but were merely invested with a power of sale in case a sale was necessary. (1 R. S. [Edm.'s ed.], 678, §§ 55, 56; *Fowler* v. *Depau*, 26 Barb., 224; *Depeyster* v. *Clendenning*, 8 Paige, 295; *Smith* v. *Post*, 2 Edw., 523; *Waldron* v. *McComb*, 1 Hill, 111; *Gennard* v. *Jones*, 2 id., 573; *Scott* v. *Morrell*, 5 N. Y. Surr., 431; *Manice* v. *Manice*, 43 N. Y., 304–344; Jarman on Wills, 465; *De Kay* v. *Irving*, 5 Den., 649.) The provisions in the will for plaintiff's benefit do not bar her right to dower. (2 Edm. R. S., 510; 1 id., 691, §§ 1, 13, 16; *Adsit* v. *Adsit*, 2 J. Ch., 448; *Smith* v. *Cruiskern*, 4 id., 9; *Jackson* v. *Churchill*, 7 Cow., 287; *Wood* v. *Wood*, 5 Paige, 596; *Havens* v. *Havens*, 1 Sandf., 324; 1 J. R., 307; 10 id., 30; *Fuller* v. *Yates*, 8 Paige, 325; *Irving* v. *De Kay*, 9 id., 521; *Sandford* v. *Jackson*, 10 id., 266; *Lewis* v. *Smith*, 11 Barb., 152; *Learned* v. *Steele*, 4 id., 20; *Lasher* v. *Lasher*, 13 id., 106; *Dodge* v. *Dodge*, 31 id., 413; *Tobias* v. *Ketcham*, 36 id., 304; *Mills* v. *Mills*, 28 id., 454.) The amount due the testator, if retained by his surviving partners, should be well secured. (*Lefevre* v. *Laraway*, 22 Barb.; 2 Story Eq. Jur., §§ 1334,

1337.) Plaintiff took under the will the house and eight lots adjoining in Lafayette avenue in fee, subject to the $20,000 mortgage and contingent power of sale in the executors. (1 R. S., 748, § 1; 2 Edm. R. S., 699, § 1; *Fowler* v. *Depau*, 26 Barb., 224, 239; *Helmer* v. *Shoemaker*, 22 Wend., 137, and cases cited.)

*S. P. Nash* for the executors, defendants. The courts do not favor such a construction of a will as would result in partial intestacy unless it is forced upon them. (2 Redf. on Wills, 442.) The provisions for the widow were in lieu of dower. (*Tobias* v. *Ketcham*, 32 N. Y., 319; *Savage* v. *Burnham*, 17 id., 561.) The trust to the executors was valid, though informally expressed. (1 R. S., 726, §§ 37, 40; id., 29, § 57; id., 727, § 47; *Bradley* v. *Amidon*, 10 Paige, 235; *Brewster* v. *Striker*, 2 Comst., 20; *Tobias* v. *Ketcham*, 32 N. Y., 319.)

*Amasa J. Parker* for the infant defendants. The amount due the testator from his surviving partners should be secured or collected, to be invested for the purposes of the trusts contained in the will. (*Payne* v. *Matthews*, 6 Paige, 20; *Eagleton* v. *Kingston*, 8 Ves., 467; *Slytes* v. *Guy*, 1 M. & G., 422; 1 H. & T., 523; *Egbert* v. *Butler*, 21 Bea., 560; *Candler* v. *Tillett*, 22 id., 257; *Mucklow* v. *Fuller*, Jacobs' R., 198; Perry on Trusts, 398, 399, 407–409, 411, 425; *Booth* v. *Booth*, 1 Bea., 125; Lewin on Trusts, 250; Hill on Trustees, 380; Willard Eq. Jur., 613; *Wilkes* v. *Steward*, Cooper's Cases in Ch., 6; *Bullock* v. *Wheatly*, 1 Coll. Ch., 130; *Morrissey* v. *Foley*, 2 Molloy, 346; *Evans* v. *Flight*, 2 Jur., 818; *Gardner* v. *Gardner*, 1 id., 402; *Holmes* v. *Dring*, 2 Cox's Cas., 1; *Smith* v. *Smith*, 4 J. Ch., 281; *Cummins* v. *Cummins*, 3 J. & L., 64; *Depeyster* v. *Clarkson*, 2 Wend., 87; 1 Hemphill's Appeal, 18 Penn. St., 303; Pray's Appeal, 34 id., 100; *Kimball* v. *Reading*, 11 Foster [N. H.], 352; *Gray* v. *Fox*, Saxton Ch., 259; *Pocock* v. *Redington*, 5 Ves., 797; *King* v. *Talbot*, 40 N. Y., 76; *Ackerman* v. *Emott*, 4 Barb., 626; *Townend*

v. *Townend*, 1 Giff., 211; *Brown* v. *Higgs*, 8 Ves., 574; *Attorney-General* v. *Downing*, Wilm., 23; *Wedderburn* v. *Wedderburn*, 4 Myl. & C., 41.) No estate in the lands of the testator vested in the executors under the will. (3 R. S. [5th ed.], Uses and Trusts; *Manice* v. *Manice*, 43 N. Y., 303; *Post* v. *Hover*, 33 id., 599; *Tucker* v. *Tucker*, 5 id., 408; *Downing* v. *Marshall*, 23 id., 377; *Scott* v. *Monell*, 1 Redf., 431; *De Kay* v. *Irving*, 5 Den., 653; *Smith* v. *Post*, 2 Edw. Ch., 523; *Germond* v. *Jones*, 2 Hill, 148; *Hawley* v. *James*, 16 Wend., 148; *Lorillard* v. *Coster*, 14 id., 320.)

Andrews, J. The testator, by the first clause of his will, gave to his trustees and executors all his real and personal property, upon condition that they should dispose of it " by the payment of the various sums mentioned, and the general disposition of the property" as thereinafter directed  It was the intention of the testator, indicated by this provision, to vest in the trustees the legal title to his real and personal property, and it also indicates an intention to make a testamentary and ultimate disposition of his entire estate.

But the purpose of the testator to vest in his trustees the legal title to his real estate failed, unless the trust declared was an express trust, authorized by the fifty-fifth section of the statute of uses and trusts, and effect cannot be given to his intention to dispose of his whole estate by will, in the absence of an actual devise or bequest of the property Following the clause referred to is a gift, to the wife of the testator, of the house in which he resided, and eight lots adjoining, and power is given to the executors to sell this property, "in connection with the adjoining house and lots, belonging to his (my) brother Thomas, for not less than $75,000, and invest the proceeds in good securities, of not less than six per cent per annum, for her benefit during her natural life." The will then proceeds, " I also give to my wife my interest in the stable-lot on Vanderbilt avenue, Brooklyn, opposite the rear of my garden." The trustees took no title to the land devised to the wife of the testator. They

were not empowered to receive the rents and profits, and the title vested in the wife in fee, or for life, subject to the execution of the power of sale given to the executors. (1 R. S., 729, §§ 56, 59; *Boynton* v. *Hoyt*, 1 Denio, 54.) I am of opinion that the wife took a fee, under the will, in the real estate devised to her. That she took a fee in the stable-lot is not seriously disputed; but it is supposed that the direction, that the executors, in case of a sale by them of the house and adjoining lots, shall invest the proceeds for her benefit " during her life," indicates an intention to give her a life estate only in that property. The language employed by the testator in the devise to his wife, although no words of inheritance are used, is appropriate to convey a fee. Disconnected with the power of sale subsequently given, no doubt could be entertained that a gift of the fee was intended. The power of sale was contingent, not absolute. It might never be exercised. There is no limitation of the interest of the wife in the land to the use only; and if the power of sale should never be exercised, her interest should not be cut down to a life estate, by a vague and uncertain implication arising from the direction that, in case of a sale, the proceeds should be invested for her benefit for life. The direction as to investment is to be regarded simply as a careful provision made by the testator for the purpose of securing to the wife the enjoyment of the property given to her; and the proceeds arising from a sale, in case the power of sale was exercised, would belong to her, subject to the trust for investment, for her benefit. The gift to the wife of the stable-lot in fee, strengthens the conclusion that he intended to give her a fee also in the house, to which it was, in a general sense, appurtenant.

There was, I think, a valid trust estate created in the executors, in the stores in the city of New York owned by the testator and his brother Thomas, as tenants in common. The testator gave to his wife, in addition to the real estate devised to her, an annuity of $7,000, during her life, " to be paid " (in the language of the will) " semi-annually by my executors, out of my share of rents of 65 and 67 Duane

street store, and 23 Beekman street, New York, or, should that be insufficient, from the interest of other property hereinafter mentioned, for the education and maintenance of self and children." The will authorized the executors to sell the stores at a minimum price limited therein. The intention of the testator that the trustees and executors should take the legal title to the stores is plain, and the power to receive the rents and profits is necessarily implied from the duty enjoined upon them to apply them. A trust to receive the rents and profits of lands and apply them to the use of any person during the life of such person, or for any shorter period, is one of the express trusts authorized by the statute, and it is now settled that a direction to pay over the rents and profits of land to the beneficiary is a direction to apply them. (*Leggett* v. *Perkins*, 2 N. Y., 297.) To constitute a valid trust under the statute, the trust must be declared in the instrument creating it; but it is not necessary that the purpose of the trust should be stated in the words of the statute. It is sufficient that a purpose within the statute is clearly embraced in the language used, or that a power conferred in express terms includes a power over the estate, for the execution of which the trustee may be clothed with the legal title. (*Bradley* v. *Amidon*, 10 Paige, 235; *Savage* v. *Burnham*, 17 N. Y., 561; *Tobias* v. *Ketchum*, 32 N. Y., 319.) The trust as to the store-lots was, in legal effect, a trust to receive the rents and profits of the lands, and apply them to the payment of the annuity during the life of the annuitant, coupled with a power to sell the property upon the condition stated in the will. The trustees take the legal title during the life of the wife for the purposes of the trust, and the land, upon the death of the testator, descended to his heirs, or passed to his devisees, if disposed of by the will, subject to the trust estate in the executors. (1 Rev. St., 729, § 62.)

The question whether the will disposed of the whole estate of the testator is not free from difficulty. The property of the testator, aside from the house and lands given in fee to his wife, and a reversionary interest in "Scotland House,"

Barnstable, England, and personal property of the value of $4,000, consisted of his interest in store-lots in the city of New York, owned jointly with his brother, of the value of $125,000, and in the capital and assets of the firm of Vernon Brothers & Co., a firm composed of the testator, Samuel Vernon, Thomas Vernon, and David Scott, of the value of more than $175,000. The testator authorizes the executors to take the interest of his brother in the stores at a valuation fixed in the will, in an adjustment of the amount of capital invested in the firm; and the will then proceeds: "The balance due me, employed in the business of Vernon Brothers & Co., July 1 1868, was * * *." The testator then gives, out of the property "above described," a legacy of $4,000 to his nephew, George Vernon, payable three years from his decease, and provides that in the event of the death of the legatee before the legacy is payable, "the amount must be disposed of in the manner cited for my residuary estate." Other legacies are given in substantially the same language. Following the gift of these legacies in this provision: "The balance of my capital, due me at my decease by Vernon Brothers & Co., can remain in the hands of my surviving partners for five years, at interest at seven per cent; at the expiration of which period I desire it to be invested in good securities, bearing interest of not less than six per cent, for the benefit of my dear children, and to be distributed among them as follows: I give Samuel Edward Vernon, my eldest son, on his attaining twenty-four years of age, ten thousand dollars; Elizabeth Wills Vernon ten thousand dollars on her twenty-fourth birthday. Should she marry with the approval of her mother and my executors, the amount may be paid on her marriage." A similar bequest is made to each of the other children of the testator. There is no other gift to the testator's children in the will, and no disposition is made of the "balance of the capital," in the firm of Vernon Brothers & Co., except as contained in this bequest to his children. The direction that the balance of the capital should be distributed among his children is inconsistent

with the construction claimed, that their interest under the will in the capital is limited to the sum of $10,000 each. The law prefers a construction of a will which will prevent a partial intestacy to one which will permit it; and the language used may have full effect by construing the bequest as a gift of the testator's entire interest in the firm assets (subject to the payment of the specific legacies) to his seven children, and as postponing the payment of $10,000 of each share until the beneficiary shall arrive at the age of twenty-four years, or, in case of the daughters, until their marriage, if they shall marry with the approval of the mother and the executors, before attaining that age. Until the period for distribution arrives, viz., at the expiration of five years from the death of the testator, the fund will be held by the trustees. They will be entitled to retain in their hands after that time a sum sufficient to enable them to perform the continuing trusts contained in the will.

There is no devise of the remainder in the real estate devised to the trustees for the life of the wife of the testator. It cannot be regarded as included in the gift to his children of his " capital " in the firm of Vernon Brothers & Co. The real estate was occupied by the firm, but it was owned by the testator and his brother; and the word *capital,* as used in the will, designated only the interest of the testator in the assets of the copartnership. The testator must be deemed to have died intestate as to the Beekman and Duane street stores. The provision made by the will for the widow of the testator is not declared to be in lieu of dower, and her dower is not barred by the acceptance of the provision made for her, unless the claim of dower is inconsistent with some other disposition of or arrangement made by the testator in respect to his property, thereby showing an intention to substitute the testamentary gift for the provision which the law makes for her. Lord REDESDALE, in *Birmingham* v. *Kerwan* (2 Sch. & Lef., 452), after considering the cases on the subject, says : " The result of all the cases of implied intention seems to be, that the instrument must contain some provision inconsistent

with the assertion of a right to demand a third of the lands to be set out by metes and bounds." The testator devised to his wife in fee a portion of the lands of which she was dowable. He devised all his remaining lands (except his reversionary interest in Scotland House) to trustees charged with the payment to her of an annuity for life out of the rents and profits, to pay which requires more than the income from the property ; and he declares that the annuity is given to her for her maintenance and the education and maintenance of her children. It is not necessary in this case to decide whether these circumstances conjoined show the "manifest intent" requisite to bar the widow of her dower. In *Hall* v. *Hill* (1 Dru. & War., 94), Sir E. Sugden says : " Though, alone, either of these circumstances" (viz. : the gift of an annuity to the wife, charged upon the lands, or a devise of part of the realty to her) " is not sufficient to bar the right of dower, yet coupled together they are entitled to much weight." (See also *Adsit* v. *Adsit*, 2 J. Ch., 448 ; *Savage* v. *Burnham*, 17 N. Y., *supra ; White* v. *White*, 1 Harr., N. J. 202 ; Roper on Legacies, vol. 2, p. 1618.) But the provision that the executors may sell the stores at a price fixed by him in the will, or take a conveyance from his brother Thomas, of the moiety owned by him, at the same price in the adjustment of the testator's interest in the firm of Vernon Brothers & Co., clearly indicates that the power intended to be given by the testator to his executors was a power to transfer, in case of sale, the whole title free from any claim of dower. This provision is inconsistent with the widow's claim of dower, and she was put to her election, and an acceptance of the testamentary gift defeats her dower right.

The legacy to the testator's daughter Harriet, who died a minor and without issue before the death of the testator, lapsed. (*Bain* v. *Lescher*, 11 Sim., 397 ; *Savage* v. *Burnham*, *supra*.) The share in the " capital " given to her, and the personal property of the testator, not included in the firm assets, was not disposed of by the will. The widow is entitled to her

distributive share in this property after payment of debts, etc. (2 R. S., 96, § 75; *Hawley* v. *James*, 5 Paige, 448; *Pickering* v. *Lord Stamford*, 2 Vesey, 272, 581; 2 Roper on Leg., 1633.)

The provision that the capital of the testator, in the firm of Vernon Brothers & Co., "can remain" with the surviving partner for five years on interest, is an authority for investment simply, and the fund may be withdrawn by the executors, and the court, upon a proper case made, may direct that security be taken as a condition of continuing the investment.

The judgment of the court below must be modified, and judgment entered in conformity with this opinion, with costs to be paid out of the estate.

All concur, except GROVER, J., not voting.

Judgment accordingly.