STEUBEN COUNTY.—HON. GEORGE T. SPENCER, SURROGATE.—
MAY, 1874.

BRINK v. LAYTON.

*In the matter of the final accounting of* ISAAC LAYTON, *administrator, with the Will annexed, of* SARAH BRINK, *deceased.*

An absolute direction in the will to sell real property, since it affects an equitable conversion from the time of testator's death, is inconsistent

with a right of dower in the widow ; and she should be put to her election, whether to take a share of the proceeds of conversion or to claim dower.*

An agreement between the beneficiaries under a will to hold and treat the real estate as such, notwithstanding an equitable conversion effected by an absolute direction in the will to sell it, cannot affect the right of succession of the heirs of the beneficiaries nor the dower right of a wife married to a beneficiary before the agreement was made.

The decedent was one of a number of heirs and beneficiaries under a will who in her life-time had agreed upon a settlement of their interest in their ancestor's estate, pursuant to which a bond and mortgage had been taken by the decedent in her own name, but in fact for the benefit of another beneficiary whose share was thus invested. *Held*, that the fund was properly paid over to the latter by the administrator of the former.

Such a settlement must be as binding upon one of the parties to it as upon the others ; and the transaction having been in an individual capacity, any mistake must be corrected by action, and not on the accounting in the Surrogate's court.†

Where the administrator in good faith paid a claim of $300 for services to the decedent, which was presented verified in the usual form, and the evidence before the auditor tended to substantiate it:—*Held*, that it must be allowed.

THIS was a hearing, upon exceptions on the part of Burnett M. Brink, a residuary legatee under the will of Sarah Brink, deceased, and claiming also as creditor, and of John J. Brink, claiming as creditor, to the report of the auditor upon the final accounting of Isaac Layton as administrator with the will annexed of the deceased.

The will of Sarah Brink gave all her property, after payment of her funeral expenses and debts, to her grand daughter Sarah Bedell and her grandson, Barnett M. Brink, one of the contestants, to be divided equally between them. The executor named in the will having died before the testatrix, Isaac Layton was appoint-

* For the most recent cases as to the doctrine of equitable conversion see *Graham* v. *Livingston*, (7 *Hun.*, 11); *Denham* v. *Cornell*, (*Id.*, 662).

† As to power of heirs to compromise, see *Gilman* v. *Gilman*, (6 *Suprm. Ct. T. & C.*, 211).

ed administrator with the will annexed. The accounts of the administrator, having been filed for a final settlement, were contested, and thereupon were referred to an·auditor for adjustment.

Exceptions were now taken to his report thereon in substance.

1st, to the allowance of a payment made by the administrator to Sarah Bedell for moneys claimed to have been held by the testatrix in trust for her, paid and charged in the account, to the amount of $2,685, but allowed by the auditor to the extent only of $766.35.

2d, to the allowance of a claim of $300 to Delos R. Bedell, for services rendered the testatrix in her life time.

3d, to the rejection of a claim of Burnett M. Brink of $2,298.88 for his interest in real estate derived from Abram V. Brink, deceased, which had been sold and the avails of which had been received by the testatrix, including rents and profits before the sale, and interest on the avails, and,

4th, a like claim for a like amount in favor of John J. Brink.

G. H. McMASTER, *for the administrator with the will annexed.*

P. BURNETT, *for the contestants.*

THE SURROGATE.—In regard to the two latter questions, it is sufficient to say that the claims having been rejected by the administrator, the Surrogate has no authority to allow them. The remedy of the claimants was to consent to a reference or bring suit.

There is no evidence tending to impeach the good faith of the administrator, in the payment of the claim of Delos R. Bedell. It was verified in the usual form by the claimant, and the evidence before the auditor tended to substantiate its validity and correctness. It was properly allowed.

The question of one payment to Sarah Bedell, is a complicated one, and requires a statement of the history of her claim. This arises indirectly under the will of Matthew Brink, who died November 9, 1844, whereby, after payment of his debts, he gave to Sarah Brink, his widow, whose estate is in question here, one third of all his property; to Abram V. Brink, his son, a legacy of $800, which he declared had already been paid; to Lucinda Sanford, his daughter, a legacy of $800, of which he declared $200, had been paid; to Dennis P. Brink, his son, a legacy of $1,100; and the residue to the above three legatees, his only children, to be equally divided between them. The will directed all the property to be sold and disposed of as above provided. At the death of the testator, he had personal property amounting to about $1,500, and a farm of one hundred and fourteen acres of land.

Lucinda Sanford died May 2, 1844, before the testator, but after the making of the will, having a husband, David R. Sanford, one of the executors, and two daughters, Irene and Sarah, now Sarah Bedell, one of the parties to this proceeding. Irene died in 1846, unmarried and without issue, leaving her father, David R. Sanford, and her sister Sarah surviving her. David R. Sanford, died in 1847. Abram V. Brink, died in 1847, leaving no widow, but three children. Sarah R. Brink, Burnett M. Brink, and Judson A. Brink.

Sarah R. Brink, died in 1859, unmarried and without issue, leaving her brothers Burnett M. Brink, and Judson A. Brink, surviving her.

Judson A. Brink, died in 1869, leaving a widow, Janette Brink, and a son, John J. Brink, who is a party to this proceeding.

Dennis P. Brink, died in 1850, unmarried and without issue.

On May 3d, 1847, a final settlement was had before the Surrogate, of Matthew Brink's personal estate, on the application of Dennis P. Brink, the then surviving executors, and the amount remaining, after payment of debts, $1,147.90, distributed as follows: one third to the widow, Sarah Brink, and the balance between Sarah Sanford, and Dennis P. Brink, in proportion to the amount unpaid on their respective legacies: the widow receiving $382.93½, Sarah Sanford, $269.99½, and Dennis P. Brink, $494.97½.

The real estate was not sold by the executors as directed by the will, and both of them having died, the parties claiming an interest in the same, with the exception of Burnett M. Brink in 1865, made an arrangement to have the same sold, and the proceeds distributed according to their respective rights. These parties were Sarah Brink the widow whose estate is the subject of this accounting, Sarah Bedell, daughter of Lucinda Sanford and Judson A. Brink, son of Abram V. Brink. The land was sold for $10,000, of which $2,000 was paid in cash, and the balance $8,000 secured by bond of the purchaser and mortgage on the premises. The shares of the respective parties were agreed upon as follows: of Sarah R. Bedell, $3,418,83, of Burnett M. Brink and Judson A. Brink, $1,709,41 each, and of Sarah Brink, the widow, the balance, $3,162,36. This settlement included as well the interest derived directly under the will of Mathew Brink, as that to which the parties were entitled out of the estate of Dennis P. Brink and Sarah R. Brink. It was a provision of the settlement, that the widow should relinquish her right of dower in consideration of being discharged from liability to account for the rents and profits of the real estate, which she had occupied from the time of the testator's death. It does not appear whether or not any account was made of the

balance unpaid of the legacies to Lucinda Sanford and Dennis P. Brink.

The sum assigned to Judson A. Brink was immediately paid to him, and he gave his receipt in full for his interest in the estate of Mathew Brink, and of Dennis P. Brink. Burnett M. Brink subsequently received a like sum, and gave a similar receipt. The amount to which Sarah Bedell was entitled, it was agreed should be kept invested in the bond and mortgage given for the purchase money of the farm, and taken in the name of Sarah Brink, till the same should be paid, which bond and mortgage were outstanding : at the death of the latter, Sarah Bedell, however, had been paid the interest and $1,000, of the principal of her share, leaving about $2,500, due her, which was the basis on which the administrator paid her claim.

If this settlement and adjustment was intended to be made according to the strict rights of the parties, and there were no elements in it except such as are disclosed, they evidently proceeded upon an error of calculation, or of law, or of both. Indeed there was probably an error of law in assuming that the widow of Mathew Brink was entitled to dower, and also in treating the proceeds of the farm as real estate and to be disposed of as such. It is further quite likely that the amounts unpaid of general legacies to Lucinda Sanford, and to Dennis P. Brink, were considered as having abated.

The direction to sell the real estate for the purpose of the dispositions made by the will was " out and out" and resulted in the equitable conversion of the same into personal from the time of the testator's death (*Stagg* v. *Jackson*, 1 *N. Y.*, 206, 212). This direction and the dispositions made by the will, are entirely inconsistent with the right of the widow to dower, and she was put to her election. It was impossible that the real estate

should be sold for distribution in which she should have one-third, and that she should at the same time have dower in the same real estate. (*Savage* v. *Burnham*, 17 *N. Y.*, 561; *Tobias* v. *Ketchum*, 32 *N. Y.*, 319 ; *Vernon* v. *Vernon*, 53 *N. Y.*, 351.) All the beneficiaries under the will take as legatees and not by way of devise. On the death of Irene Sanford, her father was entitled to her share of the legacies, both general and residuary, given to Lucinda Sanford, (2 *R. S.* 96. § 75 *sub.* 7 ; ) the interest of Sarah R. Brink belongs to her brothers Burnett R. Brink and Judson A. Brink (*Ib. sub.* 5) ; the share of Dennis P. Brink should have gone to his mother Sarah Brink, to Sarah Bedell as the representative of Lucinda Sanford, and to Sarah R. Brink, Burnett M. Brink and Judson A. Brink, as representative of Abram V. Brink (*Ib. sub.* 6. 10). Before the death of Judson A. Brink his widow was entitled to one-third of his interest and his son John J. Brink to the balance.

So far, no notice has been take_ of a receipt given by Sarah Sanford to Sarah Brink, referred to in a written opinion of the counsel who was consulted as to the rights of the parties interested in Mathew Brink's estate. This opinion, doubtless, was followed in the settlement. The receipt, which was without date, was for $1,000 in full of all the interest of Sarah Sanford in the estate of Mathew Brink, and in the legacy bequeathed by his will to her mother Lucinda Sanford. This, the counsel advised, was a good discharge of the pecuniary legacy, but not of any interest in the real estate ; assuming that the latter retained its character as such, notwithstanding the directions of the will for its conversion. Whether this opinion, if acted upon, was correct or not, I do not regard as material, for the reason, as will appear, that the settlement was so far binding on Sarah Brink that it cannot properly be opened in an accounting upon her estate.

It was perhaps competent for the beneficiaries under Mathew Brink's will, notwithstanding the directions to sell, by agreement or consent to hold and treat the real estate as such, so long as no other rights intervened, but certainly the personal representatives of David R. Sanford, and the widow of Judson A. Brink, if she had married him before the settlement, and perhaps others, had interests which could not be affected by that arrangement.

The auditor, in his report, decides that while Burnett M. Brink and John J. Brink, as the representatives of Judson A. Brink are concluded by a receipt of the sum assigned to them in the settlement, as to the sums so received, they are not concluded as to the amount agreed upon as the share of Sarah Bedell, in the estate of Mathew Brink and Dennis P. Brink. I am unable to see the ground or the justice of this position. If this distribution was made by agreement, either entered into before, or ratified afterwards, it is equally binding on all, as on one. The reason given for re-adjusting the share of Sarah Bedell, that the sum remained unpaid at the death of Sarah Brink, so far from being ground for a readjustment, is a reason against it. The share of Sarah Bedell, by the arrangement that it should remain in the bond and mortgage, vested as completely in her as the money paid to the other parties. And if Sarah Brink were alive, she might be able to show more satisfactorily than can now be made to appear, all the considerations which entered into the settlement. If the sum claimed to have been overpaid to Sarah Bedell, should not now be allowed to the administrator, it would properly belong to the estate of Mathew Brink, to be administered as such. In making the payment the administrator in legal effect, executed the trust reposed in Sarah Brink. But in treating the interest

of Sarah Bedell as a debt of Sarah Brink and paying it as such, the result is the same.

As the sum paid to Sarah Bedell was so paid in pursuance of an agreement and settlement made by the parties interested, in their individual character, if there was any mistake, which is the subject of correction, this is not the proceeding in which to seek the remedy, even if this is the tribunal to afford it. The decree in this case can be made, if necessary, saving the rights of any of the parties claiming to have been injured, in consequence of any mistake or error in the settlement of the estate of Mathew Brink.

The result of these views is, that the full amount of the payment to Sarah Bedell should be allowed in the administrator's credits to himself, and the report of the auditor in other respects confirmed.

Order accordingly.