# FLORENCE VERDIN v. WILLIAM B. SLOCUM and others.

*Will — trust to receive rents with remainder over — trustee holds entire legal title.*

A testator devised all his estate to his executors in trust to divide the same into three equal parts, and to suffer his wife to receive the rents, issues and profits of one part for her natural life, and after her death he devised the said part to four grandchildren, naming them, and to the survivors, for their own absolute use and benefit, giving power to the executors to sell the real estate, invest proceeds, etc. *Held*, that the entire estate was vested in the trustees, and that the grandchildren were not necessary parties to an action brought to foreclose a mortgage upon a piece of real estate of which the testator died seized.

The will provided that " as to one other third part or share of my said estate, I direct my said trustees to permit and suffer my son William B. Slocum to have, receive, and take the rents, issues and profits thereof for the term of his natural life, and after his decease I give, devise, and bequeath the same part or share to the heirs at law of my said son; " and then gave his trustees power to sell real estate and invest the proceeds. *Held*, that a valid trust was created as to this part, and that the entire estate vested in the trustees, so that it was not necessary to make a judgment creditor of the son a party to the action to foreclose said mortgage.

*Semble*, that the trustee being alone entitled to the surplus arising upon the sale, might execute the power of sale by adopting the sale made in the foreclosure action.

Appeal from an order made at the Special Term denying the motion made by S. M. Thompson, who purchased premises sold under a judgment of foreclosure entered in this action, to be relieved from his bid.

The action was brought to foreclose a mortgage, executed by the defendant William B. Slocum to the plaintiff on lands in Rockland county, which were subsequently conveyed to Hiram Slocum subject thereto, and which were held by him at the time of his death. Hiram Slocum left a will, of which the provisions are set forth in the opinion, under which James P. Wallace alone qualified as executor and trustee. The purchaser claims that the proceedings were defective because certain parties having interests in the lands were not brought in.

*Joseph O. Brown*, for Thompson, appellant.

*Andrew Fallon*, for plaintiff, respondent.

BARNARD, P. J.:

William B. Slocum, by his last will, distributed his residuary estate as follows: "Sixth. I give, devise and bequeath all the rest, residue and remainder of my estate and effects, both real and personal, and wheresoever the same may be, unto my said executors, upon the trusts following, that is to say, to divide the same into three equal parts, and as to one of such parts to permit and suffer my wife to have, receive and take the rents, issues and profits thereof for the term of her natural life, and after her death I give, devise and bequeath the same part or share equally between and amongst my grandchildren Harrison Stephens, Hiram Stephens, Florence Stephens and Nellie Stephens, or the survivors of them, for their own absolute use and benefit.   *   *   * As to one other third part, or share, of my said estate, I direct my said trustees to permit and suffer my son, William B. Slocum, to have, receive and take the rents, issues and profits thereof for the term of his natural life, and after his decease, I give, devise and bequeath the same part or share, to the heirs at law of my said son, William B.   *   *   * As to the remaining one-third part, or share, of my said estate, I direct my said trustees to permit and suffer my daughter, Florence Slocum, to have, receive and take the rents, issues and profits thereof for the term of her natural life, and after her decease, I give, devise and bequeath the same part or share to the heirs at law of my said daughter, Florence.   *   *   * And for the purposes aforesaid I hereby authorize and empower my said executors and trustees at any time in their discretion, and from time to time, to sell and dispose of any real estate, or any part thereof, or to postpone the sale thereof, and to invest the proceeds of such sale in and upon such securities as they shall see fit, and the same investments to change as they shall think fit."

The testator died seized of a piece of land in Rockland county, subject to a mortgage, which had been sold under the decree in this action. The purchaser declines to take the title for the reasons: First. That a judgment creditor of Wm. B. Slocum was not made a party.  Second. That the service of the summons, by publication, on Romeo H. Stephens, Homer B. Stephens, Francis Stephens, Florence Stephens, and Nellie Stephens, was invalid, because the summons, as published in one of the designated papers, stated that

the complaint was filed on 20th May, 1875, in Rockland county, and the other that it was so filed on 21st May, 1875, whereas in fact the complaint was not filed until May 24, 1875.

As to the first point, it is very clear that the executors took an active trust estate for the life of Wm. B. Slocum as to the one-third, from which he was to have the proceeds during his life. The trust is authorized by the Revised Statutes; no particular form of words is necessary to declare the trust. The language used by the testator establishes a legal trust. The devise is to the executors in trust to divide into three parts, and as to one part "to permit and suffer my son, William B. Slocum, to have, receive, and take the rents, issues and profits thereof, for the term of his natural life." (Power of sale, investment and reinvestment is given to carry out this provision of the will.) "If the direction is such as to vest the title in the trustee; if his duties are active instead of passive; if the premises are subjected to his control, so that he may, in his pleasure and discretion, exclude the beneficiary therefrom, and, if with these directions, there is no other declared purpose of the testator, a trust to receive the rents and profits is the necessary result of the arrangement." (*Beekman* v. *Bonsor*, 23 N. Y., 298.) The purpose of the trust is embodied in the language used. (*Vernon* v. *Vernon*, 53 N. Y., 351.) As to the defendants, upon whom service by publication was made, they were not necessary parties for the reason given, as to the judgment creditors. The trustee under the will holds the entire legal title. The grandchildren named in the will "to take the same part or share," which was to furnish rents, issues and profits to the wife of testator for life, took no legal title in the real or personal estate of deceased. The trustee is alone entitled to the surplus arising upon the sale, and may execute the power of sale by adopting the sale made in this action.

Order affirmed, with ten dollars costs, besides disbursements.

Present — BARNARD, P. J., PRATT and DYKMAN, JJ.

Order affirmed, with costs and disbursements.