## SCHULT v. MOLL.

### (City Court of Brooklyn, General Term.   June 23, 1890.)

1. WILLS—CONSTRUCTION.
    A testator gave to each of his two children one-third of his estate, and to his wife "one-third; that is to say, her dower right of my estate." The wife was given power, in conjunction with the executor, to sell the real estate, and the children, on reaching their majority, were to receive the interest of one-third of any moneys derived from such a sale.  *Held,* that the wife took one-third of the testator's real estate absolutely.

2. CURTESY—DIVORCE.
    A divorced husband is not entitled to a tenancy by the curtesy in property acquired by the wife subsequent to the divorce.

Appeal from special term.
Action by William A. Schult against Conrad Moll.  There was a judgment for plaintiff, and defendant appeals.
Argued before OSBORNE and VAN WYCK, JJ.
*Moffett & Kramer,* for appellant.   *W. W. Butcher,* for appellee.

VAN WYCK, J.   This action is brought to compel specific performance of a contract to convey real estate, or for damages in case defendant cannot give a good title.   Defendant claimed that his title to the real estate in question was good and valid, and he prayed judgment that plaintiff be compelled to complete said contract.   On the trial at special term, defendant had judgment as prayed for, and plaintiff appeals.   All the material facts were stipulated on the trial, and questions of law only arise on this appeal.   It appeared that on February 2, 1876, one John Hablawitz died seised of the premises in question, leaving a last will and testament dated December 27, 1875, which was duly admitted to probate, and the construction of this will raises the principal question to be decided on this appeal.   The pertinent portions of said will are as follows: "*First.* After all my lawful debts are paid and discharged, I give, bequeath, and devise as follows: To my adopted daughter, Wilhelmina Hablawitz, one-third of my real estate; to my daughter, Catherine Hablawitz, one-third of my real estate; to my wife, Babetta Hablawitz, one-third,—that is to say, her dower right of my estate." Testator further gave his said wife, in conjunction with his executor, power to sell his real estate, "the money arising from such sale or sales to be deposited in the savings bank by my wife and the below-named executor, until my above-named children arrive at the age of twenty-one years; then they to receive their interest of one-third of the money deposited therein.  And I further devise to my wife the rents and interest of my estate during the minority of my children."
Babetta Hablawitz, mentioned in said will, had been the wife of one John Reinig, who on March 25, 1867, obtained a judgment of absolute divorce against her, which contained the usual restriction against her remarriage during the life-time of said John Reinig, who is still alive.  Before and after said divorce, and down to the death of John Hablawitz, he and said Babetta lived and cohabited together as husband and wife.  Wilhelmina Hablawitz, mentioned in said will, was the daughter of John and Babetta Reinig, born in lawful wedlock, and said Catherine Hablawitz was the issue of the testator and Babetta.   Babetta Hablawitz died intestate August 15, 1876.   Catherine Hablawitz died March 14, 1877, aged two years, leaving no relatives on her putative father's side, and only her maternal grandmother, Phillipine Algaier, and her half-sister, Wilhelmina, on her mother's side.  Said Phillipine Algaier

died intestate, January 13, 1880, leaving her surviving said Wilhelmina and others, as her heirs at law. On June 15, 1883, proceedings were instituted under the statute to sell the real estate of said Wilhelmina as an infant, and, under the deed executed by the special guardian in those proceedings, defendant claims to have acquired a good and valid title. Defendant claims that Babetta Reinig or Hablawitz took, under the will of John Hablawitz, an undivided third of his real estate absolutely; that, on her death intestate, her one-third descended to her daughters Wilhelmina and Catherine in equal shares; that on the death of said Catherine her one-third which she took under her father's will, and her one-half of her mother's one-third, descended to her half-sister Wilhelmina, who thereupon became seised of the whole of said premises in fee-simple absolute. The special term has found in favor of the contention of defendant. Plaintiff claims that, under the will of John Hablawitz, Babetta only took a life-estate in one-third of testator's realty, and that on her death said one-third passed to the legal heirs of John Hablawitz, whoever they may be, and that, even if she took an absolute fee in said one-third, then, on her death intestate, her divorced husband became entitled to an estate by the curtesy therein.

It will thus be seen that the principal question herein is as to the meaning of the devise to Babetta Hablawitz. We think that the expressed intention of the testator was to give Babetta (his wife so called) one-third of his real estate absolutely, and that well-settled rules of interpretation bear out this construction. To construe the devise to Babetta as giving her only a life-estate would result in intestacy of the testator as to the one-third devised to her, on her decease. Such a construction is to be avoided if possible. The general presumption is that, when a man makes a will, it is his intention to dispose of all of his estate. 2 Redf. Wills, 442; *Vernon* v. *Vernon*, 53 N. Y. 361. It is to be observed that in the clause of his will, giving power to sell his real estate, and directing the proceeds to be deposited in savings bank during the minority of his children, the direction is that, on their attaining the age of 21 years, they were to receive then one-third of the money deposited, thus leaving a fair and reasonable inference to be drawn that testator assumed that he had disposed absolutely of the remaining one-third. The learned counsel for the appellant contends that the words in the devise to Babetta, "that is to say, her dower right of my estate," import an intention to give Babetta only the dower that a wife would take in her husband's real estate in case of intestacy. If the testator had so intended, it would have been very easy for him to have so expressed himself. It is well known that a popular belief exists in the minds of many unprofessional persons that a wife is entitled to her one-third of her husband's estate absolutely in any event, and we can readily suppose, from the language used, that testator had this idea in his mind. A further reason for using this language may be drawn from the fact that Babetta was not the legal wife of the testator, and the testator, knowing this, may have used this language with the intention of giving her a sort of conjugal *status*. We think the language used may be read as, and is of the same import as, if testator had said, "in lieu of her dower right in my estate." There is nothing in the suggestion of appellant's counsel that, if Babetta took a fee, then, on her death, her divorced husband was entitled to a tenancy by the curtesy in said one-third. This property was acquired by Babetta long after the dissolution of her marriage with Reinig, and he can inherit no interest therein by virtue of having once been her husband. *In re Ensign*, 37 Hun, 152. For the foregoing reasons we are of the opinion that the judgment should be affirmed.