In the Matter of Proving the Last Will of CARL SOHN, Deceased.

*(Surrogate's Court, Herkimer County, Filed January 8, 1891.)*

WILL—CONSTRUCTION.

By testator's will he gave his property to his wife "to have full control of all my real and personal estate during her natural life or so long as she may remain my widow, but if she should remarry her control and interest in my property is to cease and shall pass to the heirs hereinafter named," and provided that "in the event of any of the above named heirs previous to the death or remarriage of my wife, their share of my estate shall be inherited by those remaining whose names appear above, and in no event shall my daughter, Mary Sohn, have any portion or share in my personal or real property." *Held,* that testator did not die intestate as to any portion of his property; that the legal effect of the will was to give an estate for life to the widow, liable to be terminated by her marriage, and that upon her death or remarriage the property passes absolutely to the heirs named. subject to the contingency specified in the will.

Probate of will.

Mary Sohn, a daughter of the testator, filed objections to the probate of his will, but upon the hearing withdrew the objections to the probate, but demanded that the will be construed to be an effectual disposition of the real and personal property of the testator only for the life of Caroline Sohn, testator's wife; that only a life estate is created by the will, and that as to the remainder the deceased died intestate.

The will, omitting the formal part, is as follows: "I give, devise and bequeath to my wife, Caroline Sohn, to have full

control of all my real and personal estate during her natural life or so long as she may remain my widow; but if she should remarry, her control and interest in my property is to cease and shall pass to the heirs hereinafter named, viz.: Charles F. Sohn, George W. Sohn, Louisa Pugh, wife of William Pugh, Dora Sohn, Lena Sohn, Leonard Sohn, my grandson, son of Sophia Sohn, deceased, all the above named children and grandchild to share and share alike.    In the event of the death of any of the above named heirs previous to the death or remarriage of my wife, Caroline, their share of my estate shall be inherited by those remaining whose names appear above, and in no event shall my daughter, Mary Sohn, have any portion or share in my personal or real property."

William C. Prescott, for proponent; Henry F. & James Coupe, for contestant.

SHELDON, S.—The intention of Carl Sohn that his daughter Mary should not inherit any of his real estate or share in his personal property after his death cannot be doubted, for, not content with leaving her name out of the list of the recipients of his property, he added his emphatic declaration to that effect in the concluding clause of his will.    It cannot be supposed, therefore, that he intended to die intestate as to any of his property.    All parties agree that the decedent by this will has given his real and personal property to his wife for life, but her life estate is subject to be defeated by her remarriage.    The contestant says the only further provision is contained in the literal reading of the words "but if she should remarry her control and interest in my property is to cease and shall pass to the heirs hereinafter named, viz.," that is the life estate of Caroline Sohn should, upon her marriage pass as an estate *per autre vie* to the "heirs hereinafter named," and of course terminate upon her death, thereby making an intestacy as to the remainder; as according to such construction there is only a life estate disposed of by the will.

But such construction leaves meaningless the provision made

for a case where one or more of the remaindermen should die before the termination of the life estate; for I think it must be assumed that the testator by the words "their share of my estate" refers to the share given them by this will, which, upon the construction of the contestant, would be nothing prior to the death or remarriage of Caroline Sohn. I think the various provisions are harmonized and the clear intention of the testator expressed and made effectual by supplying the words "or die" after the word "remarry," and the word "it" after "and" and before "shall pass," so that the clause will real, "but if she should remarry or die her control and interest in my property is to cease and it shall pass to the heirs hereinafter named." The two events, death or remarriage of the widow, are coupled in the will in carving out the first estate; they are coupled also in providing for the event of the death of one or more of the remaindermen previous to the termination of the life estate, and there can be no doubt but that it was by mere inadvertence that the two events were not coupled in the clause which specifies who should receive the property when it should pass from the first taker.

It seems to me a very narrow, technical and unnatural construction to suppose that the testator intended to give to the persons named in the second clause nothing except in the event of the remarriage of his widow, and in that case only the enjoyment of the property divided among six takers for the remainder of her life, leaving intestacy as to the fee.

In the opinion of the court by FINCH, J., in Phillips et al. v. Davies et al., 92 N. Y. 204, is found a statement of the rule of construction which supports the view which I have concluded must be taken of this will. The language of the opinion is as follows: "If such was the real meaning and intention of the testatrix, if an examination of the whole will forces that conviction, if its plain and definite purposes are endangered by inapt or inaccurate modes of expression, and we are sure that we know what the testatrix meant, we have a right, and it is our duty, to subordinate the language to the intention. In such

a case the court may reject words and limitations, supply them or transpose them to get at the correct meaning," citing Pond v. Bergh, 10 Paige, 140; Drake v. Pell, 3 Edw. 251; Mason v. Jones, 2 Barb. 229.

The same rule is stated in Riker v. Cromwell, 7 St. Rep. 316; Roe v. Vingut, 17 id. 124, 117 N. Y. 204, 27 St. Rep. 238; Vanderpoel v. Loew, 7 St. Rep. 304; Austin v. Oakes, 15 id. 949; Holt v. Jex, 16 id. 270.

An estate may undoubtedly pass by implication. Jackson v. Schauber, 7 Cow. 195; Willis v. Lucas, 1 P. Wms. 472.

The law prefers a construction of a will which will prevent a partial intestacy to one which will permit it. Vernon v. Vernon, 53 N. Y. 351; Thomas v. Snyder, 6 St. Rep. 592.

This rule of construction is especially applicable to a case like the present, where the testator has in his will declared a purpose which a partial intestacy would thwart.

I am therefore of the opinion that the legal effect of the disputed provisions and the true construction is that the will gives the estate for life to the widow, which is liable to be terminated by her marriage, and that upon her death or remarriage the property passes absolutely to Charles F. Sohn, George W. Sohn, Louisa Pugh, wife of William Pugh, Dora Sohn, Lena Sohn, and Leonard Sohn, son of Sophia Sohn, in equal shares, subject, however, to the contingency specified and provided for in the will.

A decree should be prepared in accordance with the foregoing opinion.