ELVIRA C. LYMAN, APPELLANT, *v.* ELLA LYMAN, RESPONDENT.

*Devise—construction of.*

A testatrix died seized of certain real estate, having acquired title to a portion thereof by a conveyance made to her, and to the remainder thereof by inheritance.

Her will contained, among others, the following clause; "I give, bequeath and devise to my granddaughter, Ella Lyman, all my personal property of every description that I may have and be the owner of, at the time of my death, and all the real estate that I may have title thereto, by deed, lease, or any interest therein."

*Held,* that all her real estate, both that acquired by the conveyance and that acquired by inheritance, passed to the devisee under the said clause.

APPEAL from a judgment dismissing the complaint, entered upon the trial of this action by the court without a jury. The action was brought to recover the possession of certain land which was claimed by the plaintiff as the heir-at-law of Ann Eliza Goodyear, deceased, and by the defendant as her devisee.

*H. Sturges,* for the appellant.

*S. S. Burnside,* and *Amasa J. Parker,* for the respondent.

BOCKES, J. :

The parties claim title to the premises in controversy through Mrs. Goodyear, the plaintiff as heir-at-law, and the defendant as devisee under her last will and testament.

Mrs. Goodyear at the time of her decease was seized of certain real estate, holding one portion by conveyance to her, and another portion, being the premises in suit, by inheritance. The clause in Mrs. Goodyear's will under which the defendant claims is as follows: "I give, bequeath and devise to my granddaughter, Ella Lyman,

all my personal property of every description that I may have and be the owner of at the time of my death, and all the real estate that I may have title thereto, by deed, lease or any interest therein." The plaintiff insists that Ella, under this clause of the will, took only such real estate as the testatrix held by *deed* or *lease;* and that the latter died intestate as to that portion held by *inheritance.* The decision of the case turns on the construction to be given the clause of the will above cited. The intention of the testatrix, of course, must control, and that intention must, if possible, be determined from the language employed by her in the instrument. So, too, effect must be given to all words and phrases used in it, with a view to determine its meaning. Now let us see what was intended by the clause of the will under examination. It reads thus, " I give . . and devise to my granddaughter, Ella Lyman . . . . all the real estate that I have title thereto by deed, lease, or any interest therein." Is it not manifest that the testatrix intended to devise all her real estate to Ella by this language? As regards that portion to which she had title by deed or lease there can be no question; and do not the words " or any interest therein" signify the same as if they had been " or in which I have any interest"? The words " or any interest therein," cannot be ignored. Some meaning must be given them. They make reference to lands other than such as were held by deed or lease. In this case they could only have application to lands held by the testatrix by inheritance. The true reading of the clause seems to be this, " I give and devise . . . all the real estate that I have title thereto by deed or lease, or in which I have any interest." So read, the devise would include lands held by inheritance as well as by conveyance. The testatrix would then, by plain and explicit language, have embraced all her real estate in the devise ; and this seems to have been her obvious intention. The word " thereto" as here used, means no more or less than " to ;" and " therein" means plainly " in which." The clause then, with these words substituted, will read thus : " I give, bequeath and devise to my granddaughter, Ella Lyman, all my personal property of every description that I may have and be the owner of at the time of my *death, and all the real estate that I have title to by deed or lease, or*

*in which I have any interest.*" This construction admits of re-dundancy of words, but the entire clause above quoted is replete with redundancy. This fault, very common in the drafting of legal documents, cannot, however, be permitted to abridge or limit their effect.

There is another consideration which tends to strengthen the construction above adopted. There is no evidence of an intention on the part of the testatrix to die intestate as to any of her prop-erty. She makes a will. It contains no residuary clause. It is laid down in *Vernon* v. *Vernon* (53 N. Y., 351) that the law pre-fers a construction of a will which will prevent a partial intestacy to one which will permit it. So, in Redfield on Wills (vol. 2, p. 442) it is said, "The courts have for a long time inclined very decidedly against adopting any construction of wills which would result in partial intestacy, unless absolutely forced upon them. This has been done partly as a rule of policy perhaps, but mainly as one calculated to carry into effect the presumed intention of the testator. For the fact of making a will raises a very strong pre-sumption against any expectation or desire on the part of the testa-tor of leaving any portion of his estate beyond the operation of his will." The construction above suggested is not forced or strained, but is in accordance with the fair, if not the plain meaning of the language employed to express the intention. We fully concur in the view expressed by the learned judge who tried the case at Special Term. He well says, "This construction gives effect to all the words used, gives them their ordinary meaning, is natural, not inconsistent with any provision of the will, and leaves no uncer-tainty of intention." Besides, if permitted to go outside the language employed, the circumstances surrounding the parties, as evidenced by the will of Mr. Goodyear, and by the settlement of some difficulties between them, also give support to the conclusion above suggested.

The judgment must be affirmed, with costs.

LEARNED, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.