(4 Misc. Rep. 559.)

## ZONE v. ZONE et al.

(Supreme Court, Special Term, Herkimer County. August, 1893.)

WILLS—CONSTRUCTION—EXCLUSION OF HEIR.

> After giving a life estate to testator's widow, the will provided that the estate should "pass to the heirs hereinafter named, [naming all testator's children, except his daughter M.,] share and share alike," and that "in no event shall my daughter M. have any portion or share in my personal or real property." *Held*, that testator intended to give all his property to the persons named, to the exclusion of M.

Action by Mary Zone against Caroline Zone and others to establish a right to a share of the real estate of Charles Zone, deceased. A contest was had in the surrogate's court as to plaintiff's right to share in the personalty, and it was decided against her. Judgment for defendants.

Henry F. & James Coupe, for plaintiff.
William C. Prescott, for defendants.

HARDIN, J. Near the close of the will of the testator are found these words: "And in no event shall my daughter Mary Zone have any portion or share in my personal or real property." It may be assumed, according to the contention of the learned counsel for the plaintiff, that these words do not, standing alone, deprive the plaintiff of her right as heir at law to inherit a fractional portion of the estate of her father; and it may be assumed that, to cut off an heir at law, it is essential that the estate of the testator be devised or bequeathed in direct language, or by implication, to some other person than the heir sought to be excluded. Jackson v. Schauber, 7 Cow. 187, and cases referred to in the note to that case; Gallagher v. Crooks, 132 N. Y. 338, 30 N. E. Rep. 746. In the case last cited it was held:

> "To cut off the right of an heir to inherit, there must be a legal devise. Mere words of disinheritance are insufficient to effect that purpose. Where, therefore, a testator fails to make a legal devise of his realty, or, having legally devised it, the devise fails for any cause, the heir will inherit, notwithstanding there is an express provision in the will that he shall not take any part of the estate."

However, in giving an interpretation of the whole will, and in a cautious attempt to ascertain the intention of the testator, this

clause of the will already quoted may be read in conjunction with the other language found in the will. Phillips v. Davies, 92 N. Y. 204. In the early part of the provisions of the will it is evident the testator intended to give the use, during life or widowhood, of his real and personal property, to his widow. The language used to carry out that bequest and devise is somewhat inartificial and vague. It is as follows:

"I give, devise, and bequeath to my wife, Caroline Zone, to have full control of all my real and personal estate during her natural life, or so long as she may remain my widow, but, if she should remarry, her control and interest in my property is to cease."

Her right to use the property for life was hampered with a condition that in case she remarry she was to lose the use from that time. If she remained single, unmarried, during the whole of her life, then the use of the property, personal and real, was secured to her by the language used by the testator in his will in relation to her. By her remarriage she would terminate the use of the property; otherwise, it would remain with her until the close of her life. Beardslee v. Beardslee, 5 Barb. 324. The words of the will are appropriate to carry out the idea that it was a life estate, subject to the condition of being terminated by remarriage. Taggart v. Murray, 53 N. Y. 237, opinion by Andrews, J. But the more important question presented for solution in this case relates to the question whether, by the terms of the language used by the testator, the remainder of his property, after the life use thus charged upon it, passed to the legatees and devisees named by virtue of the terms of the will. In approaching the solution of this question, it must be borne in mind that, where two constructions may be made, one of which will dispose of the whole of the testator's property by virtue of the terms of his will, the other of which will leave a portion or all of his property undisposed of, that which would effectually dispose of the property per force of the terms found in the will is to be preferred. Vernon v. Vernon, 53 N. Y. 351; Thomas v. Snyder, 6 N. Y. St. Rep. 592; Lamb v. Lamb, 131 N. Y. 227, 30 N. E. Rep. 133; Thomas v. Snyder, 43 Hun, 14. And it must also be borne in mind that no clause of the will is to be rejected in ascertaining the intent of the testator. It was said in Taggart v. Murray, 53 N. Y. 233:

"Effect is to be given, if possible, to all the provisions of a will, and no clause is to be rejected, or interest intended to be given sacrificed, on the ground of repugnance, when it is possible to reconcile the provisions supposed to be in conflict."

And in the course of the opinion in that case it was said:

"But in the construction of wills, as of other written instruments, the intention is to be ascertained by the consideration of the whole instrument, and the construction is not to be made upon a single or isolated clause detached from its relation to those with which it is associated. If, on a comparison of the different provisions of the will, it is found to contain dispositions which are repugnant to each other, then it is the office of judicial interpretation to preserve, if consistent with the rules of law, the paramount intention of the testator, as disclosed by the instrument, although in so doing it may defeat his purpose in some subordinate and less essential particular."

Applying the rule of construction just mentioned to the whole language found in the will, it is difficult to resist the conclusion that the testator intended to have his property pass both the beneficial use, during the life or widowhood of his wife, to his wife, subject to the limitation mentioned, and to the legatees and devisees mentioned in the will, to the exclusion of his daughter Mary. In the brief submitted by the learned counsel in behalf of the plaintiff, it is said, truly:

"It is evident from the will in question that the testator intended by the disinheriting clause to cut the plaintiff off from any interest in his property."

If the testator's intent rested alone on that clause, the contention of the plaintiff might have a safe basis. However, we must read that clause, as already intimated, in connection with the other portions of the will; and, in turning to the will, we find that the testator contemplated a period of time to arrive when the life use or limited use by the wife would cease, and then used language relating to his "real and personal estate," and by it provides for what shall become of it, and uses language evidently for the purpose of carrying to the persons named his personal and real estate, and to that estate the words found in the will must relate. He says of it, in effect, that the real and personal "shall pass to the heirs hereinafter named, viz. Charles F. Zone, George W. Zone, Louisa Pugh, wife of William Pugh, Dora Zone, Lena Zone, Leonard Zone, my grandson, son of Sophia Zone, deceased; all the above-named children and grandchild to share and share alike." It may appropriately be inquired, what other intent had the testator in using the words "share and share alike" than to have them relate to his real and personal estate which had been mentioned in the antecedent language of the will? In the further language found in the will are these words:

"In the event of the death of any of the above-named heirs previous to the death or remarriage of my wife, Caroline, their share of my estate shall be inherited by those remaining whose names appear above."

These words evidently were used with a view of applying the words "their share in my estate" to such share of the estate as he had already given in terms to them in the language antecedently used.

These views lead to the conclusion that the testator, by the language used in his will, carried the body of his estate to the persons "named," and that, upon the death of the testator, they took, in virtue of the terms of the will, subject to the life use by the widow, or the limited use in case she should remarry. Having effectually disposed of the whole of his estate to persons other than Mary, she cannot take any portion of his real estate by the terms of the will, nor in virtue of the laws of inheritance, and therefore cannot maintain this action. The views already expressed render it unnecessary to determine (1) whether this action can be maintained as one to quiet title in virtue of section 1638 of the Code, and (2) it is unnecessary to determine the force and effect of the surrogate's decree in giving construction to the will in question

in order to distribute the personal property, which positions have been so intelligently and strenuously presented by the learned counsel for the defendants as being sufficient reasons why the plaintiff's bill should be dismissed. Suffice it to say that the conclusion is reached that the plaintiff's complaint must be dismissed on the merits. Perhaps the exceptional language used, evidently from the pen of a layman, not familiar with legal phrases to a sufficient extent to avoid some obscurity in framing the language which should express the intent of the testator, furnishes a reasonable ground for not awarding costs against the plaintiff. The judgment to be entered upon this decision may provide that the costs of the defendants, including guardian ad litem, be paid out of the estate of the defendants derived from the testator through the medium of his will.

Upon serving a copy of this opinion and the proposed judgment, the same may be entered, if the form thereof is assented to by the plaintiff's attorney; otherwise, the form thereof may be settled before me upon five days' notice, which judgment will accord with the views already expressed.