(31 Misc. Rep. 394.)

### DORNBUSCH et al. v. TIETJEN et al.

(Supreme Court, Special Term, New York County.   May, 1900.)

WILLS—CONSTRUCTION—PROVISION IN LIEU OF DOWER—INTENTION.

> Testator gave his widow a life estate in lieu of dower, and further provided that in case of her remarriage the trustees should pay over the net income of his real and personal estate to his children. *Held*, that the widow took the whole net income of the realty for life, if she did not remarry.

Action by William F. Dornbusch and others against Margaret C. Tietjen and others for the construction of the will of John Tietjen, deceased.

F. B. Chedsey, for plaintiffs.

J. B. Talmage, for infant defendants.

J. J. O'Brien, for defendant M. C. Tietjen.

LAWRENCE, J.   This action is brought for the construction of the will of John Tietjen, deceased.   The plaintiffs are the executors and trustees under the will.   The defendants are the widow and the heirs of said deceased, to wit, his four infant children.   The testator at the time he made his will and at the time of his death possessed real estate of the value of over $170,000.   The same was subject to mortgages amounting to $43,000, leaving the net value of the real estate at least $127,000.   It was shown on the trial that this realty produced an annual net income of about $9,000.   The testator also left personal estate amounting to about $10,300, and debts which, with his funeral expenses, amount to about $3,100, leaving the net value of the personal property about $7,200.   This was subject to expenses of administration and settlement of his estate, and to payment of legacies amounting to $8,000, directed by the seventh clause of his will to be paid to his children,—$2,000 to each as they severally attain their majority.   The provision of the will in favor of his widow for life is stated to be in lieu of dower in his real estate; it being further provided that in case she remarries his estate then to be paid over or distributed in the same manner as is provided for in case of her death, in which event the trustees are directed to pay over said "net income of my real estate and personal estate to my children in quarter-yearly payments, share and share alike, until my youngest child shall attain the age of twenty-one years"; and then (his wife having died), by the sixth clause, he directs his estate to be divided between his children, share and share alike.   I am of the opinion that it was the intention of the testator to give to his wife the net income of his real and personal estate in lieu of dower during her natural life, or as long as she remained his widow. It will be observed that although the word "real" is omitted in the line of subdivision 2 of the third clause or section of the will which first refers to the distribution of the income resulting, after the keeping of the buildings in good order and repair and insured, and paying all taxes and assessments that may be imposed thereon, the testator provides for the quarterly payments to the widow, and proceeds to say that on her decease the trustees are to pay over "such net in-

come of my said real and personal estate to my children," etc. As the direction is that "such net income of my said real and personal estate" is to be paid over to the children upon the decease of their mother, and as no previous direction has been given in that clause of the will for the payment of the net income of the realty, it must have been the intention of the testator, it seems to me, that the whole net income of the realty and personality should go to the widow. Otherwise, there is nothing in this paragraph from which it can be determined what is to be done with the income of the realty during the lifetime of the widow. There being no such provision, the testator must be regarded, if the counsel for the children is correct, as having died intestate in respect to the income of the real estate during the wife's life, or during her widowhood. Intestacy is not, however, to be presumed; nor is it favored where a party has made a will apparently with the intention of disposing of all of his estate, if any interpretation of the language of the will can be found, consistent with the testator's intention as expressed in the whole instrument, by which such intestacy can be avoided. Vernon v. Vernon, 53 N. Y. 351; Du Bois v. Ray, 35 N. Y. 162, 165–167. The fourth paragraph of the will seems to justify the conclusion that the testator intended to give to his wife the income of the real and personal estate. Power is thereby given to the executors and trustees to sell and dispose of the testator's real estate so as to convey a good title in fee simple, "and to invest the principal arising from the sale thereof in bonds secured by first mortgage on improved real estate situate in the borough of Manhattan or the Bronx, in the city of New York, or in improved real estate situate in either of said boroughs, and to pay over the net income received therefrom as hereinbefore directed by the second paragraph of the third clause of this, my last will and testament." As already stated, the only direction as to such payment is contained in the second subdivision of the third paragraph of the will, which gives to the widow the net income of the personality, and the net income of the realty and personality to the children upon the death of the widow. It may be said that the intention of the testator was that the proceeds arising from the real estate should accumulate during the life of the widow, and that, such accumulation being unlawful, the testator died intestate in respect to the rents and profits which might arise from the real estate. The will should not receive such construction, if it can be avoided without violation of well-known rules for the construction and interpretation of wills. The fact that the testator authorizes the executors and trustees to sell the real estate, and invest the proceeds in bond and mortgage, shows that he intended that they might convert all his real estate into personality; and as the income of the latter goes, undeniably, to the widow, I feel warranted in holding that his general intention was that the whole income was to go to his wife during her life, if she did not remarry. This construction seems to be in accord with the intention of the testator, and in harmony with the decisions. In Roe v. Vingut, 117 N. Y. 204–212, 22 N. E. 933, at page 212, 117 N. Y., and page 934, 22 N. E., Peckham, J., says:

"In either event, the strict language used in some portions of the instrument must give way for the purpose of arriving at the meaning of the testatrix, based upon a perusal of the whole document. Upon such perusal, if a general scheme can be found to have been intended and provided for in the instrument, and such general scheme is consistent with the rules of law, and so may be declared valid, it is the duty of courts to effectuate the main purpose of the testatrix. To accomplish such object, the meaning of words and phrases used in some parts of the will must be diverted from that which would attach to them if standing alone, and they must be compared with other language used in other portions of the instrument, and limitations must be implied, and thus the general meaning of all the language must be arrived at."

See, also, Pond v. Bergh, 10 Paige, 141. At page 152, Chancellor Walworth says:

"The intention of the testator, so far as it is consistent with rules of law, must govern in the construction of a will. When, therefore, the intention is apparent, upon the whole will, taken together, the court must give such construction as to support the intent of the testator, even against strict grammatical rules. And, to effectuate his evident intention, words and limitations may be transposed, supplied, or rejected,"—citing several cases.

See, also, Du Bois v. Ray, 35 N. Y. 162; Hall v. Thompson, 23 Hun, 334.

Draw decision and judgment accordingly, and settle on three days' notice. Judgment accordingly.