JULIUS T. ASCH AND OTHERS, EXECUTORS, ETC., OF JACOB ASCH, DECEASED, RESPONDENTS, v. ESTELLE ASCH, INDIVIDUALLY AND AS EXECUTRIX, ETC., OF JACOB ASCH, DECEASED, AND DAVID ASCH, APPELLANTS.

*Will — when the widow must elect between the provision contained in the will and her dower — trust, termination of.*

A testator, after directing the sum of $5,000 or $10,000, according to the amount of his estate, to be invested for his mother during her life, directed his executors "to invest all the rest, residue and remainder of my (his) estate in United States bonds, or in bonds of the city or State of New York, or in bonds secured by first mortgages on real estate in the city of New York, and to pay the interest

and income thereof to my (his) dear wife, Estelle Asch, during her natural life, and after her death," he gave, devised and bequeathed the whole of his said estate to his children, him surviving, share and share alike.

*Held,* that an equitable conversion of the real estate of which the testator died seized, was produced by these directions, and that the executors and trustees were empowered to sell and dispose of the real estate, and that the provision made in behalf of the widow of the testator, required her to elect between accepting what had been provided for her by the will or rejecting it and taking dower in the estate.

That she could not take this income of the rest, residue and remainder of the estate under the will, and at the same time recover her dower in the lands.

*Vernon* v. *Vernon* (53 N. Y., 351) ; *Kanvalinka* v. *Schlegel* (104 id., 125) followed.

*Held,* further that the fact that one of the testator's children, to whom a share of the estate was given on the death of the widow, had died during the life of the widow did not entitle the widow to such share free from the trust.

APPEAL from a judgment in favor of the plaintiffs, entered on the trial of this action at Special Term.

*Joseph Fettretch,* for the appellants.

*John C. Gulick* and *Simpson & Werner* for the respondents.

DANIELS, J.:

This action was brought to obtain the construction of the will of Jacob Asch, deceased. It was decided by the court before which the trial took place, that an equitable conversion of the piece of real estate of which the testator died seized, was produced by the directions contained in the will, and that the executors and trustees were empowered to sell and dispose of that real estate. And in so much of the decision which was made all the parties have acquiesced. The appellant who is the widow of the testator, insisted upon the trial that she was entitled to dower in this real estate, and that whatever sale of it should be made must be subject to her rights in that respect. The will provided for her out of the rents and profits of the testator's property which was given to his executors, but it did not in direct language require her to elect between the provision made for her and dower in this real estate. But the directions contained in the will were so framed as to induce the court at the Special Term to determine that the provision made in her behalf was intended to be by way of substitution and in lieu of her dower. This direction was made by the second paragraph of the

will containing these words: "Second. I hereby direct my said executors to invest all the rest, residue and remainder of my estate in United States bonds or in bonds of the city or State of New York, or in bonds secured by first mortgage on real estate in the city of New York, and to pay the interest and income thereof to my dear wife, Estelle Asch, during her natural life, and after her death I give, devise and bequeath the whole of my said estate to my children, me surviving, share and share alike."

By this paragraph all the testator's estate, except the sum of $5,000 or $10,000, according to the amount of the estate, directed to be invested for his mother during her life, was to be placed in bonds of the United States, or of the city or State of New York, or in bonds secured by first mortgage on real estate in the city of New York, for the benefit of the widow, and the income and interest thereof were payable to her during her natural life. This gave her while she lived, free from all future contingency, all the proceeds of the testator's estate, except that directed to be invested for the benefit of his mother during her life. And the directions so made secured to her all the advantage, and much more too, than she could obtain by recovering dower in the piece of real estate of which the testator died seized. If she recovered dower in the real estate it would be to the extent of the enjoyment of one-third of the rents and profits during her life, but these rents and profits were provided for her by this direction contained in the will. And to them was added all other income yielded by the estate beyond the sum to be invested for the testator's mother. His intention appears to have been to subject all the property of which he died seized to these directions, and they are inconsistent with the right of the plaintiff to dower in this real estate. She could not very well enjoy both sources of income. That resulting from the investment of all the rest of his estate, not directly to be invested for the benefit of his mother, was in this manner given to his widow for life, and she could not very well take this income under the will of the rest, residue and remainder of his estate, and at the same time recover her dower in the land, for that recovery would to that extent defeat the directions given in her favor by this paragraph of the will of the testator.

The effect of a provision made in a will upon the widow's claim of

dower was quite fully considered in *Vernon* v. *Vernon* (53 N. Y., 351). And it was there determined that when the will contained provisions which were inconsistent with the widow's right to dower, that she was put to her election to accept what had been provided for her by the will, or to reject it and take dower in the estate of her husband. And it was there held, as there was such inconsistency, that she was not in that instance entitled to dower. This subject has been more recently considered in *Konvalinka* v. *Schlegel* (104 N. Y., 125.) And it was there held that the intention of the testator was demonstrated that the widow should not take both dower and the provision made for her by the will. "When it clearly appears without ambiguity or doubt, that to permit the widow to claim both dower and the provision, would interfere with the other dispositions and disturb the scheme of the testator as manifested by his will." And "if the purposes of a trust as declared require that the entire title, free from the dower interest of the widow, should be vested in the trustees in order to effectuate the purposes of the testator in creating it, a clear case for an election is presented." (Id., 129, 130.) These authorities are controlling against the right of the appellant to dower in this real estate of her husband. She cannot recover it without to that extent breaking up the trust provided for her in all the rest, residue and remainder of the estate, beyond that out of which the testator's mother was to be benefited during her life. And that, after accepting the advantages of the trust, the law will not permit her to do.

After the decease of the widow the testator gave, devised and bequeathed the whole of his estate to his surviving children share and share alike. One of these children died soon after the decease of the testator, and she insisted that by that event she had become entitled to the estate, or interest in remainder, which would have been taken by this child if she had survived her mother. But this claim cannot be maintained for the reason that the trust provided in favor of the widow was to continue during her natural life. And the circumstance that she became entitled to one-half of the remainder provided for this child will not have the effect of defeating or preventing the continuance of this trust to the time of her own decease.

The case was very thoroughly examined by the justice presiding at the Special Term, and for the reasons already mentioned and those contained in his opinion, the judgment should be affirmed, with costs against the appellant.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment affirmed with costs.