MARY PURCELL *et al.*, FOR AN OPINION.

PROVIDENCE—JANUARY 22, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Wills. Dower. Election.*

Testamentary devise as follows: "I devise to my wife, A., and to my children, B. and C., all the real estate, wherever situated, of which I shall die seized and possessed. To have and to hold the same to the said A., B., and C., their heirs and assigns forever, share and share alike:"— *Held*, that, as it clearly appeared from the language used by testator that the devise was to be in lieu of dower, the widow must elect between the two.

CASE stated for an opinion, under Gen. Laws cap. 240, § 24.

TILLINGHAST, J. This is a case stated for an opinion, under the provisions of Gen. Laws R. I. cap. 240, § 24.

The facts stated, in so far as they are material to the question presented for our decision, are as follows:

Edward Purcell, late of Woonsocket, R. I., deceased on the 16th day of August, 1894, leaving a last will and testament, which, on October 2, 1894, was duly admitted to probate, and Mary Purcell, the widow of said Edward, was duly appointed sole executrix thereof.

At the time of his decease said Edward Purcell was seized and possessed of two certain parcels of real estate, with the buildings and improvements thereon, situate in Woonsocket. By the fourth clause of his will he disposed of all his real estate as follows:

"Fourth. I hereby devise to my wife, Mary Purcell, and my children, Edward J. Purcell, Margaret E. Purcell, Loretta Purcell, Beatrice Purcell, Agnes Purcell, William Purcell, all the real estate wherever situated, of which I shall die seized and possessed. To have and to hold the same to the said Mary Purcell, Edward J. Purcell, Margaret E. Purcell, Loretta Purcell, Beatrice Purcell, Agnes Purcell, William Purcell, their heirs and assigns forever, share and share alike."

Under this provision of the will the widow claims that she is entitled to have one-third of said real estate set off to her for life as her dower therein, and also to have in fee-simple one-seventh part of the remainder under said devise; while it is claimed on behalf of the children that said devise to the widow was in lieu of dower.

The only question raised, therefore, is whether the widow is entitled to dower in said real estate in addition to the interest therein which was devised to her by the will, or whether she is put to her election.

The answer to this question depends upon the construction to be put upon that clause of the will which is above set out. The language there used by the testator is apt and pertinent to give to the widow an equal share with that which is given to each of his children, that is, one-seventh part of all his real estate in fee-simple; and it is clearly inconsistent with the claim made by the widow that she is also entitled to her dower therein. In short, the language of the devise is plain and unambiguous, and has a well-settled and well-known meaning. And hence it must be presumed that the testator in using it intended it to have that meaning and nothing less. It shows about as clearly as language can show that the testator intended absolute equality in his gift. It is true he might have added, as is frequently done in such devises, and as it is always well to do, that the devise to the wife was to be in lieu of dower. But this is not necessary where the language used shows, as it does here, that the testator must have intended the provision for the wife to be in lieu of dower. If the widow is allowed her dower in said estate, in addition to the interest therein which is expressly devised to her, the intention of the testator as expressed in the devise would be disappointed; for the children would then necessarily take less than the widow, and thus the devisees would not "share and share alike," as the will provides that they shall.

We are aware that the law favors the widow's right of dower, and that the cases uniformly hold that in order to put her to her election it must clearly appear from the will that the devise for her benefit was intended to be in lieu of dower.

In *Miall* v *Brain*, 4 Madd. 119, the rule is stated thus: "A wife is put to her election on the same principle as a stranger is. To put the wife to her election there must be a clear intention to exclude her from dower, either express or implied." In *Parker* v. *Sowerby*, 1 Drewry's Rep. 492, the vice chancellor says: "You must find an intention" (on the part of the testator) "so to dispose of his estate that her claim would be inconsistent with that disposition."

We fully agree with the law as thus stated, and such was held to be the law by this court in *Durfee et al., petitioner*, 14 R. I. 47. But we are forced to the conclusion from the language used by the testator that such an intention as that above stated does clearly appear therefrom; and hence that there is no room for any other construction to be put thereon than that which we have given. We might even say that there is no room for any construction at all, as there is really nothing left to be construed. The language is too plain for construction.

The following are amongst the English cases which fully sustain the view which we have taken.

In *Chalmers* v. *Storil*, 2 Ves. & B. 222, the words of the devise were: "I give to my dear wife and my two children all my estates whatsoever, to be equally divided amongst them, whether real or personal." It was held by Sir William Grant, M. R., that dower was excluded.

In *Dickson* v. *Robinson*, Jacob's Ch. Rep. 503, the testator gave and devised all his real and personal estate to his wife, in trust, "for the equal benefit of herself and his children." It was held that the widow was required to elect.

In *Roberts* v. *Smith*, 1 Sim. & Stu. 513, a testator gave half the income of his property to his wife for the maintenance of herself and her children by her former husband, and the other half for the maintenance of his own children. Sir John Leach, V. C., could not distinguish the case from *Chalmers* v. *Storil, supra*, and held that the widow was put to her election, saying: "That intended equality would be disappointed if the wife were in the first place to take her dower."

The same doctrine is held in Canada in the case of *Mc-Gregor* v. *McGregor*, 20 Grant Ch. Rep. 450. There the language used by the testator was: "I will and devise that after payment, as aforesaid, all my real and personal estate of every nature and description whatsoever and wheresoever, shall be equally divided between my beloved wife, Rosetta McGregor, and my mother, Agnes McGregor, share and share alike."

Spragge, Chancellor, said: "For the wife's contention the rule is invoked that where a testator says he gives all his estate he does not mean to give his wife's estate, *i. e.*, her right to dower; but it must always be a question in what sense the word 'estate' is used by the testator, whether the property itself, which is the subject of the devise, or that which in the contemplation of law is the testator's interest in that property. It is entirely a question of intention, and it is quite clear that if the court can see from the frame and the provisions of the will, that what the testator means to dispose of is the land itself and not his own interest in it, the widow is put to her election; or, as it is generally put, if the claim of dower is inconsistent with the disposition of the land made by the will, the widow is put to her election." See also *Quimby* v. *Quimby*, 5 Ont. 738.

While there seems to be some difference of judicial opinion in this country upon the question under consideration, we think the decided weight of authority sustains the view which we have taken.

In the late and well-reasoned case of *Bannister* v. *Bannister*, 37 S. C. 529, it is held that where the will taken as a whole shows an intention that the provision for the widow was not to be in addition to her dower, then she must elect between the two—the will and the dower—and cannot take both.

In *Closs* v. *Eldert*, 16 Misc. Rep. (N. Y.) 104, it is held that a devise of the residue to the widow, son, and daughter, "share and share alike," is inconsistent with the right of the widow to claim dower, and puts her to her election as to the residue of the estate. In thus deciding the court saw no con-

flict between its conclusion and the decision in *Konvalinka* v. *Schlegel*, 104 N. Y. 125, which is one of the cases relied on by counsel for the widow in the case at bar. That case is clearly distinguishable from the one before us, in that there the will created a power in trust in the executors to sell the property in question "and to divide the proceeds thereof equally among my wife and children, share and share alike." The court held that there was no necessary repugnancy between the existence of a trust in real property created by a will, and an outstanding dower interest of a widow in trust property. "If the purposes of a trust, as declared," said the court, "require that the entire title, free from the dower interest of the widow, should be vested in the trustees in order to effectuate the purposes of the testator in creating it, a clear case for an election is presented. (*Vernon* v. *Vernon*, 53 N. Y. 351.) But the mere creation of a trust for the sale of real property and its distribution, is not inconsistent with the existence of a dower interest in the same property. There is no legal difficulty in the trustee executing the power of sale, but the sale will necessarily be subject to the widow's right of dower, as it would be subject to any outstanding interest in a third person paramount to that of the trustee."

*Higginbotham* v. *Cornwell*, 8 Gratt. 83, cited by counsel for the widow, while it holds that under the circumstances there existing, which were quite peculiar, the widow was not put to her election, yet it distinctly recognizes the rule that, where it is clear that the provisions of the will would be defeated or disturbed by allowing the widow to claim in both characters of devisee and doweress, she is put to her election. In that case the court found that there was no plain and necessary implication that the children were not to take subject to the widow's right of dower.

Without further reviewing the cases from other States cited by counsel, we will briefly refer to the only one in our own State bearing upon the question at issue, viz., that of *Durfee et al.*, *petitioner*, 14 R. I. 47.

That case, while not on all fours with the one before us, is so very similar thereto that the decision has a strong bear-

ing upon it, and that bearing is clearly in favor of the position above taken by us. The only practical difference between the facts in the two cases is that in the Durfee case the estate devised to the testator's wife, and others, "jointly, share and share alike," was particularly described by giving the names of the grantors thereof and the date of the deed. And this fact evidently had considerable weight with the court in coming to its decision. Durfee, C. J., in delivering the opinion, suggested, however, that if there were nothing in the case but the devise equally to the wife and the others named on which to find the dower excluded, while the court might hesitate, yet regarding that particular case even on that ground, the language used was very significant.

It is also to be observed that the case of *Chalmers* v. *Storil*, *supra*, and other English cases which take the same view of the law as we have taken, were cited by Judge Durfee, with evident approval.

For the reasons above given we are of the opinion that the petitioner, Mary Purcell, is not entitled to take under said devise and also to have dower in said estate, but that she must elect between the two.